IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv1104-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court is federal inmate Curtis Bell's ("Bell") amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which Bell filed on October 10, 2014, and amended twice thereafter.  *See* Doc. Nos. 1, 11, and 25.[1]

In May 1995, Bell was sentenced to life in prison after a jury found him guilty of conspiracy with intent to distribute cocaine and cocaine base and aiding and abetting the distribution of cocaine.  On January 19, 2017, Bell received an executive grant of clemency from President Barack Obama under which his sentence was commuted to expire on May 19, 2017, leaving intact a five-year term of supervised release.  *See United States v. Curtis Bell*, 2:94cr62-MHT, Doc. No. 2130.

In his § 2255 motion as amended, Bell presents claims that (1) his sentence violates the holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013); (2) his sentence violates the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015); and (3) he is entitled to a sentence reduction

---

[1] Unless otherwise indicated, document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action.  Page references are to those assigned by CM/ECF.

based on a November 2015 amendment to the mitigating role adjustment in the United States Sentencing Guidelines.  Doc. Nos. 1, 11, and 25.

The Government argues, among other things, that Bell's § 2255 motion is untimely under the one-year limitation period in 28 U.S.C. § 2255(f).  *See* Doc. Nos. 5, 18, and 30.  Upon review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that Bell's § 2255 motion was not filed within the time allowed by federal law.  Therefore, his motion should be denied and this case should be dismissed with prejudice.

## II.   DISCUSSION

### A.   Federal Limitation Period:  28 U.S.C. § 2255(f)

The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The record reflects that on November 17, 1994, a jury found Bell guilty of conspiracy with intent to distribute cocaine and cocaine base and aiding and abetting the distribution of

cocaine.  On May 22, 1995, the district court sentenced Bell to life in prison.  Doc. No. 5-6.  The district court entered its judgment on June 9, 1995.  Doc. No. 5-8.

Bell appealed, and on August 7, 1998, the Eleventh Circuit affirmed his conviction and sentence.  *See United States v. Morrow, et al.*, No. 95-6423 (11th Cir. Aug. 7, 1998).  He did not seek certiorari review in the Supreme Court.

Because, on direct review, Bell did not seek certiorari review in the Supreme Court, his conviction became final 90 days after the Eleventh Circuit's August 7, 1998 decision affirming his conviction and sentence.  *See, e.g., Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003).  His conviction therefore became final on November 5, 1998.  For purposes of 28 U.S.C. § 2255(f)(1), Bell had until November 5, 1999, to file a timely § 2255 motion.  The filing of his § 2255 motion on October 10, 2014 (as well as his subsequent amendments), occurred far beyond the one-year limitation period in § 2255(f)(1).

**B.   Limitation Period under § 2255(f)(3)**

Bell says the claims in his § 2255 motion as amended are timely under 28 U.S.C. § 2255(f)(3).  Section 2255(f)(3) allows a petitioner to file a § 2255 motion within a year after the date on which the Supreme Court newly recognized the right asserted in the motion, if that right has been made retroactively applicable on collateral review.

In his § 2255 motion filed on October 10, 2014, Bell asserts a claim for relief under the Supreme Court's June 7, 2013 decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  Doc. No. 1.  In his September 16, 2015 amendment to the § 2255 motion (Doc. No. 11), Bell asserts a claim for relief under the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  In his October 18, 2106 amendment (Doc. No. 25), he asserts a claim for relief under the November 1, 2015 amendment (Amendment 794) to the mitigating role

3

adjustment in U.S.S.G. § 3B1.   Bell contends that each of his claims provides him with a different statute of limitations triggering event under § 2255(f)(3) and that each claim was timely presented in this court.   *See* Doc. No. 1; Doc. No. 11 at 11; Doc. No. 12; Doc. No. 25 at 5; Doc. No. 26 at 3.

### 1.   *Alleyne Claim*

In *Alleyne*, the Supreme Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii), for brandishing or discharging a firearm, triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt.   133 S.Ct. at 2161–63.   More broadly, the Court held that, except for prior convictions, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" or admitted by the defendant.   *Id*. at 2155. *Alleyne* overruled *Harris v. United States*, 536 U.S. 545, 557 (2002), which had earlier held that facts found by a judge could increase the statutory mandatory minimum sentence applicable to a defendant.   *Alleyne*, 133 S.Ct. at 2155.

Bell maintains that the district court violated *Alleyne* by enhancing his sentence based on judicial fact-finding.   Doc. No. 1.   He argues that because he asserted this claim within one year after the Supreme Court decided *Alleyne*, he is entitled to have the holding in that case applied retroactively to his § 2255 motion.   His argument fails for several reasons.

First, Bell did not assert his claim under *Alleyne* within one year of the Supreme Court's decision in that case.   Therefore, even if the Supreme Court in *Alleyne* "newly recognized" a right now asserted by Bell, and if even if that right was made retroactively applicable to cases on collateral review, *see* 28 U.S.C. §2255(f)(3), Bell's October 10, 2014 § 2255 motion raising a claim under *Alleyne* was filed too late to take advantage of the Supreme Court's June 7, 2013

decision in *Alleyne*.  In other words, even if § 2255(f)(3) applied to Bell's *Alleyne* claim, the claim is time-barred.

Moreover, *Alleyne* is not retroactively applicable to cases on collateral review; therefore, § 2255(f)(3) is inapplicable to *Alleyne* claims, like Bell's, raised in § 2255 motions.  *See Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285–86 (11th Cir. 2014) (*Alleyne* did not break new ground or announce a "new rule," but merely extended the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); because *Apprendi* does not apply retroactively on collateral review, neither does *Alleyne*).

Finally, *Alleyne* expressly does not apply to factual determinations by the district court that affect a defendant's Sentencing Guidelines range.  Instead, *Alleyne* applies only to judicial determinations that result in application of a *statutory* mandatory minimum sentence.  *See* 133 S.Ct. at 2163.  The statutory minimum sentence for Bell's offenses was not increased based on judicial fact-finding.  The increased sentence based on judicial fact-finding about which Bell now complains resulted from enhancements under the guidelines.  Application of guideline provisions to obtain a sentence within statutory minimums and maximums remains an exercise of judicial discretion unaffected by *Alleyne*.  Because *Alleyne* is inapplicable to Bell's sentence, § 2255(f)(3) does not apply to his claim under *Alleyne*, and Bell cannot rely on *Alleyne* to make his § 2255 motion timely under §2255(f)(3).

### 2. *Johnson Claim*

In *Johnson*, decided on June 26, 2015, the Supreme Court held that the definition of "violent felony" under the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  135 S.Ct. at 2557–59. Subsequently, in *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that

5

*Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *See* 136 S.Ct. at 1264–65.

In his September 16, 2015 amendment to his § 2255 motion, Bell asserts a claim that his sentence violates the holding in *Johnson* because, he says, the district court enhanced his sentence by treating his prior state convictions as "violent felonies" and/or "crimes of violence" under the residual clauses of the ACCA and/or the career offender guideline in U.S.S.G. § 4B1.2(a). *See* Doc. Nos. 11 and 12.

If Bell truly had a claim based on a right recognized by the Supreme Court in *Johnson*, the claim would be timely under § 2255(f)(3), because, as noted above, *Johnson* is retroactively applicable to cases on collateral review, *see Welch*, 136 S.Ct. at 1264–65, and *Bell* asserted his "*Johnson* claim" within one year after *Johnson* was decided. However, contrary to his assertion, Bell was not sentenced under the ACCA or under the career offender guideline—or under any statutory provision with a residual clause defining a "violent felony" or a "crime of violence." The only manner in which Bell's prior convictions influenced his sentence was in the calculation of his criminal history score to determine his criminal history category under the Sentencing Guidelines. His criminal history category was combined with his total calculated offense level to determine his guidelines sentencing range. Even though he invokes *Johnson*, Bell asserts no claim based on a right recognized by the Supreme Court in *Johnson*.[2] Therefore, he cannot rely

---

[2] Even if Bell had been sentenced under the career offender guideline (and he wasn't), he would not be entitled to relief under *Johnson*. Recently, in *Beckles v. United States*, ___ U.S. ___, ___ S.Ct. ___, 2017 WL 855781 (U.S. Mar. 6, 2017), the Supreme Court held that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and therefore *Johnson*'s vagueness holding does not apply to the career offender provisions of the guidelines. *Id*. at *5–6.

on *Johnson* to make his § 2255 motion timely under §2255(f)(3).  Finally, even if this claim by Bell were not vanquished by the time-bar, it is, by reason of *Johnson*'s inapplicability, meritless.

### 3.   Amendment 794

In his October 18, 2016 amendment to his § 2255 motion (Doc. No. 25), Bell argues he is entitled to a retroactive sentence reduction under Amendment 794 to the Sentencing Guidelines. Amendment 794, effective November 15, 2015, amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.  The amendment introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether to apply a mitigating role adjustment.  U.S.S.G. § 3B1.2, cmnt. n.3(C).

Bell maintains this claim is timely under § 2255(f)(3), because it was asserted within one year after Amendment 794's enactment.  *See* Doc. No. 25 at 5; Doc. No. 26 at 3.  Clearly, though, § 2255(f)(3) does not apply to Bell's claim, because the claim is predicated on an amendment to the Sentencing Guidelines and not on a right recognized in (and made retroactive by) a decision of the United States Supreme Court.  The claim is therefore untimely under § 2255(f)(1), because it was asserted over 16 years after Bell's conviction became final.

Moreover, nothing in Amendment 794 entitles Bell to a sentence reduction under § 2255. That amendment merely "clarified the factors to consider for a minor-role adjustment"—it did not substantively change § 3B1.2.  *United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015); *Sapp v. United States*, 2016 WL 4744159 at *1 (S.D. Ga. Sept. 12, 2016); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (Amendment 794 may be applied retroactively on direct appeals).  The Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment.  U.S.S.G. Supp. App. C, Amend.

794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

"The threshold inquiry," therefore, "is whether [Bell's] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). A comparison of the circumstances in *Burke* and in Bell's case confirms that § 2255 relief is not available to Bell based on this claim. After sentencing in both *Burke* and in Bell's case, the Sentencing Commission added a clarifying amendment to the Sentencing Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. However, because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Sentencing Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Burke*, 152 F.3d at 1331 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

"Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law," Bell "was afforded the opportunity to" challenge the denial of a minor role adjustment "at his original sentencing and on direct appeal." *Burke*, 152 F.3d at 1332. He never did. "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id*. Because Bell did not raise the minor participant issue in prior proceedings and because Amendment 794 would not

impact his original sentencing in a way that constitutes a complete miscarriage of justice, Bell is not entitled to § 2255 relief on this claim.[3]

## C.   Other Statutory Tolling and Equitable Tolling

Bell has not set forth facts or arguments indicating that he is entitled to use either § 2255(f)(2) or § 2255(f)(4) as a triggering event for statute of limitations purposes.  Specifically, he has not shown that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2), or that the facts supporting the claims he presents could not have been discovered earlier through exercising due diligence, *see* § 2255(f)(4).  Nor, finally, does Bell assert or demonstrate that he is entitled to equitable tolling of the limitation period for filing a § 2255 motion.[4]

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice because the § 2255 motion was filed after expiration of the applicable limitation period in 28 U.S.C. § 2255(f).

It is further

---

[3]  Bell would not have been entitled to a minor role adjustment even had the issue been considered at his sentencing in light of Amendment 794.  It is clear from the record that Bell was a manager or supervisor in the drug conspiracy for which he was convicted.

[4]  The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 Fed.App'x 302, 306 (11th Cir. 2009).

ORDERED that the parties shall file any objections to this Recommendation or before

**March 30, 2017**.  A party must specifically identify the factual findings and legal conclusions in

the Recommendation to which objection is made; frivolous, conclusive, or general objections

will not be considered.  Failure to file written objections to the Magistrate Judge's findings and

recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party

from a *de novo* determination by the District Court of legal and factual issues covered in the

Recommendation and waives the right of the party to challenge on appeal the District Court's

order based on unobjected-to factual and legal conclusions accepted or adopted by the District

Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th

Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)..

DONE this 16th day of March, 2017.


_____/s/ Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE